UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JESSE HUNTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:05CV2070 HEA |
| | ) |
| LINDA M. SPRINGER and | ) |
| THE OFFICE OF PERSONNEL | ) |
| MANAGEMENT, | ) |
| | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss, [#6]. Plaintiff has responded to the motion. For the reasons set forth below, Defendants' motion is granted.

**Facts and Background**

On November 4, 2005, this Court held a hearing on Plaintiff's Motion for a Temporary Restraining Order (TRO), wherein Plaintiff sought an immediate determination and payment of his retirement benefits based upon his federal employment with the Defense Contract Management Agency. Plaintiff's TRO motion was denied, because this Court concluded that it lacked jurisdiction.

Defendants now move to dismiss Plaintiff's Complaint for lack of jurisdiction, arguing that it is a duplicate of his TRO motion. Defendants claim that Plaintiff's

Complaint seeks no additional relief, makes no additional allegations, and that, therefore, Plaintiff's Complaint suffers from the same jurisdictional defects which mandated the dismissal of his motion for TRO. This Court agrees.

## Discussion

In his Complaint, Plaintiff claims he is entitled to the immediate payment of his retirement benefits and the restoration of his health benefit entitlements. Plaintiff alleges he is entitled to these benefits based upon his years of federal employment as indicated in the manual of the Civil Service Retirement System (CSRS). While this may very well be true, this Court lacks subject matter jurisdiction over Plaintiff's claims. Plaintiff must first exhaust his administrative remedies before the Merit Systems Protection Board (MSPB). He may then seek relief from the United States Court of Appeals for the Federal Circuit, as it is the exclusive judicial forum governing claims for benefits under the CSRS. 5 U.S.C. § 7703(b)(1). Section 7703(b)(1) provides:

> Except as provided in paragraph (2) of this subsection, a petition to review a final order or final decision of the [Merit Systems Protection Board] shall be filed in the United States Court of Appeals for the Federal Circuit.

Section 7703(b)(1) is also referenced in a complimentary statute, 28 U.S.C. § 1295(a), which provides in relevant part:

2

> (a) The United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction—
> (9) of an appeal from a final order or final decision of the Merit Systems Protection Board, pursuant to sections 7703(b)(1) and 7703(d) of title 5;

*See also Lindahl v. Office of Personnel Management,* 470 U.S. 768, 792 (1985) (where Court held Sections 1295(a)(9) and 7703(b)(1) together appear to provide for exclusive jurisdiction over MSPB decisions in the Federal Circuit, and do not admit any exceptions for disability retirement claims).

Plaintiff claims in his response to Defendants' motion that Defendants' arguments are without merit. Plaintiff relies on "28 U.S.C.A. 81 et seq." and a 1928 case from the District of New York, *United States v. Nepela,* 28 F.2d 898 (D.C.N.Y. 1928) for authority. The statute cited by Plaintiff, however, governs the organization of the federal district courts, with Section 81 referencing the organization of the district courts in the state of Alabama. The Court is unclear how this statute relates to the issue at hand. The case law cited by Plaintiff is also inapplicable. The *Nepela* case involved the (pre-Warren Court) grounds upon which a search warrant was issued in a criminal matter. Plaintiff does not articulate how *Nepela* applies in this instance, but a thorough analysis of the case reveals that it has nothing to do with whether Plaintiff is entitled to benefits based on his federal employment. Therefore, Plaintiff's arguments and the authority upon which he relies are without merit.

Despite the unfortunate nature of Plaintiff's circumstance, Plaintiff has not exhausted his administrative remedies before the MSPB. In fact, Plaintiff admitted at the TRO hearing held on November 4, 2005, that he currently has an appeal pending before the MSPB. In any event, even if Plaintiff were able to demonstrate that he had, in fact, exhausted his administrative remedies, exclusive jurisdiction over an appeal from a decision of the MSPB would be properly before the United States Court of Appeals for the Federal Circuit.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, [#6], is granted.

Dated this 14th day of December, 2005.

_____
    HENRY EDWARD AUTREY
UNITED STATES DISTRICT COURT